**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v. 8:26-cr-205 (ECC)

DJOSAHA AZULPHAR,

Defendant.

Douglas G. Collyer, Asst. U.S. Attorney, for the Government
Djosaha Azulphar, Defendant pro se

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Defendant Djosaha Azulphar, a/k/a "T," is charged with (1) distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1); and (3) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). *See* Dkt. No. 45 (Superseding Indictment). A jury trial is scheduled to begin on August 31, 2026. Presently before the Court are the Government's motions in limine, Dkt. Nos. 55, 56, 57, to which Defendant filed no opposition. The Court heard oral argument on the Government's motions at a final pretrial conference on August 24, 2026. For the following reasons, the Government's motions are granted.

## I. DISCUSSION

### A. Sovereign Citizen Beliefs

Defendant has sent letters to the Government and the Drug Enforcement Administration espousing beliefs consistent with a "sovereign citizen" ideology.[1] *See* Dkt. Nos. 55-1, 55-2; *see also* Dkt. No. 67. The Government therefore moves under Federal Rules of Evidence 401, 402, and 403 to preclude Defendant from introducing any statements, testimony, or argument related to his sovereign citizen beliefs, his status as a "natural person," his lack of consent to participate in the action against him, or that he is otherwise not subject to the Court's jurisdiction. Dkt. No. 55 at 1-2.[2]

Rule 402 provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is "relevant" if (a) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the Government argues that Defendant's sovereign citizen beliefs have been consistently rejected by federal courts and are therefore irrelevant and inadmissible under Rules 401 and 402. The Court agrees.

The Second Circuit has rejected sovereign-citizen arguments that challenge a federal court's jurisdiction over a criminal defendant. In *United States v. McLaughlin*, the defendant challenged the district court's personal jurisdiction over him and advanced "arguments that are

[1] "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order); *see also United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) (noting that proponents of the sovereign citizen ideology "believe that the Federal Government is illegitimate, and therefore that its laws are not binding").

[2] Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

consistent with a 'Sovereign Citizen' ideology." 949 F.3d at 781. The Second Circuit held that a defendant "need not acquiesce in or submit to the court's jurisdiction or actually participate in the proceedings in order for the court to have personal jurisdiction over the defendant." *Id.* at 782 ("The voluntariness of the defendant's appearance in the District Court is not relevant."). Federal courts around the country have likewise rejected such arguments. *See, e.g.*, *United States v. McCaskill*, 48 F. App'x 961, 961 (6th Cir. 2002) (rejecting sovereign citizen challenge to jurisdiction as "patently meritless"); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases that have rejected sovereign citizen arguments). Any sovereign citizen type argument that this Court does not have jurisdiction over Defendant is therefore incorrect and rejected.

Nor do Defendant's sovereign citizen views or potential arguments otherwise have any relevance to the elements of the offenses with which Defendant has been charged. Such evidence and arguments are therefore irrelevant and inadmissible under Rules 401 and 402. *See, e.g.*, *United States v. Dowtin*, No. 25-cr-80, 2026 WL 438126, at *2 (S.D. Ohio Feb. 17, 2026) (granting government's motion to preclude irrelevant sovereign citizen arguments as "contrary to prevailing law" and "not fit to be argued before a jury"); *United State v. Robinson*, No. 25-cr-11, 2025 WL 1883864, at *1-2 (W.D. Wis. July 8, 2025) (granting motion to preclude defendant from introducing "sovereign citizen type theories and arguments" that his constitutional rights were violated or that court lacked jurisdiction); *see also United States v. Dernard Darnell of the Family Neal*, No. 11-cr-297, 2016 WL 2926508, at *3 & n.2 (E.D. Cal. May 18, 2016) (holding that precluding a criminal defendant from asserting a sovereign citizen defense did not violate Sixth Amendment because the defense was "invalid and inadmissible").

Further, to the extent that Defendant's sovereign citizen beliefs may have any minimal probative value, that value is "substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, [and/or] wasting time." Fed. R. Evid. 403. Defendant's purported sovereign citizen status is unconnected from the facts underlying the charged offenses or impeachment issues, and its presentation therefore presents a danger of confusing the issues, misleading the jury, or wasting time. To the extent Defendant seeks to introduce his purported sovereign citizen status to challenge the Court's jurisdiction, the jury is also likely to be confused or misled because it is not for the jury to determine jurisdictional issues. Thus, evidence or argument regarding Defendant's purported sovereign citizen status or beliefs is also excludable under Rule 403.

For these reasons, the Government's motion to preclude Defendant from introducing any evidence or argument related to his sovereign citizen beliefs, his status as a "natural person," or his lack of consent to participate in the action against him is granted. Defendant is further precluded from arguing that he is otherwise not subject to the Court's jurisdiction or that this matter should be resolved in equity.

**B. Government Witness's Prior Arrests and Convictions**

The Government next moves to preclude cross-examination of one of its potential witnesses, Cooperating Witness 1, on the witness's prior arrests and two of his/her convictions. Dkt. No. 56.

**1. Prior Arrests**

According to the Government, Cooperating Witness 1 has been arrested on nine occasions on charges for which he/she was never convicted. Dkt. No. 56 at 1-2. Cooperating Witness 1's most recent arrest was on October 12, 2023 for insurance fraud and false report of a crime. *Id.* at 2. The remaining nine arrests occurred between 1986 and 2015 and include charges such as stolen

property, larceny, scheme to defraud, burglary, and forgery. *Id.* The Government argues that arrest without conviction is insufficient to impeach a witness's credibility and that Defendant should be precluded from questioning Cooperating Witness 1 about his/her prior arrests.

Under Rule 608(b), the Court "may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, 'if they are probative of the character for truthfulness or untruthfulness of the witness." *McKinley v. Moore*, No. 21-cv-678 (BKS/CFH), 2024 WL 217734, at *5 (N.D.N.Y. Jan. 19, 2024) (citation, internal quotation marks, and ellipsis omitted). Extrinsic evidence is "not admissible to prove [such] specific instances," Fed. R. Evid. 608(b), and the questioner must have a good-faith basis for the examination, *Hart v. Suffolk County*, No. 17-cv-5067, 2023 WL 5720075, at *3 (E.D.N.Y. Sept. 5, 2023) (citing *Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996)).

The Supreme Court has stated: "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." *Michelson v. United States*, 335 U.S. 469, 482 (1948). Prior arrests are therefore not a proper basis for impeachment under Rule 608(b) unless the underlying conduct leading to the arrest is probative of the witness's character for truthfulness. *See, e.g.*, *Brown v. Cornell*, No. 17-cv-1036 (MAD/ATB), 2021 WL 2711511, at *2 (N.D.N.Y. July 1, 2021) ("[A]rrests may be inquired into [on cross-examination] if they are probative of the character [of a witness] for truthfulness or untruthfulness.") (citation and quotation marks omitted); *United States v. Clanton*, 769 F. Supp. 3d 147, 156 (E.D.N.Y. 2024) (noting that "[p]rior arrests not resulting in conviction *and lacking conduct that bears on a witness's character for truthfulness* are inadmissible pursuant to Rule 608(b)" and precluding cross-examination into a witness's prior arrest for driving without a license, which was remote and did "not bear on [the witness's] character for truthfulness").

Accordingly, the motion is granted to the extent that the Government seeks to preclude Cooperating Witness 1's prior arrests without conviction. Defendant must advise the Court in advance if he intends to question Cooperating Witness 1 about any underlying conduct leading to a prior arrest which did not result in a conviction, and Defendant must also be prepared to articulate why any such question is permissible under Rule 608(b).

**2. Convictions**

Cooperating Witness 1's criminal history reflects a 1987 conviction for an "unknown misdemeanor" and a 1993 misdemeanor conviction for attempted grand larceny in the fourth degree. Dkt. No. 56 at 2.[3] The Government seeks to preclude Defendant from cross-examining Cooperating Witness 1 on these two convictions under Federal Rule of Evidence 609 should Cooperating Witness 1 testify. Dkt. No. 56 at 3-9.

Rule 609(a)(2) provides that, "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike Rule 609(a)(1), which concerns felonies, Rule 609(a)(2) "does not require a balancing under Rule 403" or allow for trial court discretion. *McKinley*, 2024 WL 217734, at *5 (citations omitted). However, the applicability of Rule 609(a)(2) is limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

[3] Cooperating Witness 1 has four other convictions from 1990 and 1996 which are not the subject of the Government's motion. *Id.*

Here, attempted larceny in the fourth degree and the unknown misdemeanor offense were both punishable by less than one year of imprisonment, rendering Rule 609(a)(2) the applicable starting point for analysis. *See* N.Y. Penal Law § 70.15 (listing sentences of imprisonment for misdemeanors), 155.30, 110.05. The Court cannot readily determine that establishing the elements of either crime required proving, or Cooperating Witness 1's admitting, a dishonest act or false statement. One misdemeanor is unknown, and larceny convictions are generally not considered mandatorily admissible under Rule 609(a)(2). *See, e.g.*, *United States v. Estrada*, 430 F.3d 606, 614-15, 621 (2d Cir. 2005) (holding that district court did not abuse its discretion in treating the witness's larceny conviction "as Rule 609(a)(1) crimes rather than as *crimen falsi* automatically admissible under Rule 609(a)(2)"); *Ridge v. Davis*, 639 F. Supp. 3d 465, 475 (S.D.N.Y. 2022) (noting that "petit larceny is not a proper subject matter for impeachment under Rule 609(a)(2)).[4]

Accordingly, Cooperating Witness 1's 1993 conviction for attempted grand larceny in the fourth degree and 1987 conviction for an unknown misdemeanor are not admissible under Rule 609(a) and Defendant is precluded from cross-examining Cooperating Witness 1 on these convictions.

**C. Consequences of Conviction & Jury Nullification**

Finally, the Government seeks to preclude Defendant from offering any testimony, statements, commentary, or argument related to sentencing determinations and penalties, collateral consequences such as deportation, or jury nullification. Dkt. No. 57.

"[J]uries are not to consider the consequences of their verdicts." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (noting that "providing jurors sentencing information invites them to

[4] Even if either misdemeanor conviction were subject to Rule 609(a)(2), it would likely be excludable under Rule 609(b), given the age of the convictions.

ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion"). Therefore, "except in certain limited circumstances, a defendant has no legal right to introduce evidence or argument regarding sentencing consequences." *United States v. Feuer*, 403 F. App'x 538, 540 (2d Cir. 2010) (summary order). The Court is not aware of any unusual circumstances which might justify a departure from the general rule in this case and Defendant is thus precluded from offering any evidence or argument related to potential sentencing or other collateral consequences of a conviction, including deportation. *See, e.g.*, *United States v. Mencia-Hernandez*, No. 23-cr-393 (AMN), 2025 WL 2355624, at *7 (N.D.N.Y. July 10, 2025) (precluding "reference to the potential immigration consequences of a conviction"); *United States v. Otufale*, 740 F. Supp. 3d 233, 248-49 (E.D.N.Y. 2024) (precluding defendants from "introducing any evidence or making any argument to the jury regarding the potential consequences of conviction"); *United States v. Perez Alarcon*, No. 25-cr-461, 2026 WL 1398626, at *4 (S.D.N.Y. May 19, 2026) (precluding defendant from introducing evidence or argument concerning potential punishment or collateral consequences of a conviction because such issues are "irrelevant" where "the jury does not participate in sentencing the defendant").

Furthermore, "trial courts have the duty to forestall or prevent jury nullification." *In re United States*, 945 F.3d 616, 626 (2d Cir. 2019) (citation and internal quotation marks omitted). There is "no meaningful difference between a court's knowing failure to remove a juror intent on nullification, a court's instruction to the jury that encourages nullification, and a court's ruling that affirmatively permits counsel to argue nullification." *Id.* at 626-27. Defendant is therefore precluded from offering any evidence or argument that has no bearing on his guilt or innocence and which is aimed at inviting jury sympathy or nullification. *See, e.g.*, *Perez Alarcon*, 2026 WL

1398626, at *2-3 (precluding defendant from presenting evidence or argument "aimed at inviting jury nullification or encouraging the jury to acquit based on disagreement with federal immigration policy"); *United States v. Perez*, No. 23-cr-99, 2025 WL 551567, at *4 (S.D.N.Y. Feb. 19, 2025) (precluding evidence "that has no bearing on [defendant's] guilt or innocence").

Accordingly, the Government's motion to preclude any evidence argument concerning potential sentencing determinations and penalties, collateral consequences such as deportation, and jury nullification is granted.

## II. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Government's motion in limine to preclude evidence or argument related to Defendant's sovereign citizen beliefs, Dkt. No. 55, is **GRANTED**; and it is further

**ORDERED** that the Government's motion in limine to preclude the prior arrests and convictions of Cooperating Witness 1, Dkt. No. 56, is **GRANTED** to the extent it seeks to preclude Cooperating Witness 1's 1993 conviction for attempted grand larceny in the fourth degree and 1987 conviction for an unknown misdemeanor, and to preclude Cooperating Witness 1's prior arrests without conviction. In addition, Defendant must advise the Court in advance if he intends to question Cooperating Witness 1 about any underlying conduct leading to a prior arrest which did not result in a conviction, and Defendant must also be prepared to articulate why any such question is permissible under Rule 608(b); and it is further

**ORDERED** that the Government's motion in limine to preclude evidence or argument related to potential sentencing or collateral consequences of a conviction or to jury nullification, Dkt. No. 57, is **GRANTED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Elizabeth C. Coombe
U.S. District Judge